JACOB MUELLER v. MARGARET BUSCH.

1. WIFE OF TENANT PLAINTIFF IN SUIT FOR NEGLIGENCE AGAINST LANDLORD NOT MATERIAL VARIANCE.

In an action against a landlord on account of injuries to a tenant due to a defective step, the fact that proof discloses the plaintiff to be the wife of one of the tenants of the building, does not present a material variance.

2. BURDEN OF PROVING KNOWLEDGE OF DEFECTS ON PLAINTIFF.

Where the averment is that the landlord had knowledge of the defect and the plaintiff did not, and the landlord negligently permitted the defect to continue, the plaintiff assumes the burden of proving these allegations; and, upon request therefor, the landlord is entitled to special instructions delivered to the jury before argument embodying the law with reference to such knowledge and negligence.

3. REFUSING SPECIAL INSTRUCTIONS BEFORE ARGUMENT NOT CURED BY LIKE INSTRUCTIONS IN GENERAL CHARGE.

Error in refusing to give special instructions before argument, where of a proper character and correctly expressed, is not cured by the giving of like instructions in the general charge.

ERROR to Hamilton common pleas court.

Hamilton County.

**C. W. Baker** and **Thorne Baker,** for plaintiff in error.

**A. C. Ross** and **Smith & Hawke,** for defendant in error.

**GIFFEN, J.**

The plaintiff avers in her second amended petition that she was at the time of her injury the tenant of the defendant, but the proof shows that she was the wife of one of the tenants. This variance is not material in view of the averment that the defective steps causing the injury were a part of a common passageway used by plaintiff and other tenants, and that there was a covenant on the part of defendant to make repairs. The rule in such case is stated in Jones, Landl. & Ten. Sec. 614, as follows:

"The prevailing rule seems to be that a landlord who leases separate portions of the same building to different tenants, and retains exclusive control, for the purpose of repairs and construction, of the porches, galleries and stairways, used in common by all the tenants, is under an implied obligation to use reasonable diligence to keep such reserved parts in a safe condition for the use of a tenant occupying a part of the premises and for the members of his family. For failure to perform that duty the law attaches to him liability for injury to such tenant or to a member of his family."

The particular defect of the steps is not stated, but plaintiff avers that defendant had knowledge of the defect and negligently permitted it to continue, and that she had no knowledge of it. She thereby assumed the burden of proving that the defendant had knowledge, or by the exercise of ordinary care would have known of the defect; and that she did not know, nor by the exercise of ordinary care could have known that the steps were out of order, or knowing it gave notice to the landlord.

These propositions were fairly embraced in the first and last special instructions requested by the defendant to be given to the jury before argument, and refused by the court. The error in refusing to give such instructions *before argument,* was not cured by giving like instructions in the general charge and was prejudicial.

Judgment reversed and cause remanded.

**Swing** and **Smith, JJ.,** concur.